UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JAIME E. PELAEZ,                                  :

                   Petitioner,           :

             - v -                    :          **MEMORANDUM DECISION**

MICHAEL CAPRA, Superintendent,    :          14 Civ. 5471 (DC)
Sing Sing Correctional Facility,

                             :

               Respondent.          :

                             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

APPEARANCES:          JAIME E. PELAEZ
                       Petitioner *Pro Se*
                       DIN 10-A-0128
                       Fishkill Correctional Facility
                       P.O. Box 1245, Beacon, NY  12508

                       LETITIA JAMES, Esq.
                       Attorney General of the State of New York
                       By:    Robert McIver, Esq.
                              Assistant Attorney General
                       28 Liberty Street
                       New York, NY  10005
                             Attorney for Respondent

CHIN, Circuit Judge:

        On August 30, 2014, petitioner Jaime E. Pelaez filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition").  Dkt. 1.  Pelaez challenged

the lawfulness of his incarceration after he was convicted December 16, 2009, in the

Supreme Court of the State of New York, Queens County, of one count of assault in the

first degree, in violation of N.Y. Penal Law § 120.10(1).  As the evidence established at

trial, in February 2008, Pelaez pushed his adult daughter, Erica Pelaez, into a wall and

punched her in the face; then, in May 2009, he stabbed his daughter, his wife, Diana

Burgos, and his son, Daniel Pelaez.  Dkt. 11-1 at 1-2.  All three required surgery, and

Burgos subsequently experienced limited movement in her left hand.  *Id.* at 2.

In the Petition, Pelaez argued, *inter alia,* that he did not knowingly,

intelligently, and voluntarily waive his right to appeal; his sentence was excessive; he

received ineffective assistance of counsel; the trial court did not have jurisdiction over

his case; and his guilty plea was not knowing, intelligent, and voluntary.  Dkt. 1.

Respondent filed a response on February 27, 2015.  Dkt. 11.

On September 13, 2016, and again on April 14, 2019, Pelaez wrote to this

Court to inquire about the Petition's status.  Dkt. 13, 15.  The docket does not show any

response was sent.  On May 21, 2021, more than six years after filing the Petition, and

still not having heard from this Court, Pelaez was conditionally released on parole.  *See*

Dkt. 16.  Although Pelaez was sentenced to a term of supervised release running

through September 21, 2024, the records of the Department of Corrections and

Community Supervision indicate that his release from custody was in connection with

immigration proceedings.  *See id.*

The Petition having been reassigned to me on January 17, 2023, I issued an

Order requiring that Respondent provide any information relevant to determining

whether the Petition was rendered moot by Pelaez's release or subsequent immigration proceedings. *See id.* I am now in receipt of a letter from Respondent, dated January 31, 2023. Dkt. 18. The Attorney General's Office, representing Respondent, reports that Pelaez, who had been ordered removed from the United States in May 2010, was in fact removed July 9, 2021, not long after his release from prison. *See id.* at 1.

Although the Petition has been pending for almost nine years and was fully briefed seven years ago, it still has not been decided. In the meantime, Pelaez has completed his prison term and been deported, without his claims being adjudicated. The delay is inexplicable. *See In re Habeas Corpus Cases*, 298 F. Supp. 2d 303, 306 (E.D.N.Y. 2003) (Weinstein, J.) ("Delay cannot be tolerated by federal courts.").[1] Moreover, as a result of Pelaez's deportation, and because he did not update his address with the Court upon being released or deported, it will be difficult to reach him. The odds are long that he will even see this decision.

Nonetheless, I consider the Petition on the merits. Pelaez advances ten claims. Three concern the validity of his guilty plea (grounds 1, 5, and 9); four assert

---

[1]     Respondent does not argue that the Petition has been rendered moot by Pelaez's removal from the country, and the information provided by Respondent has not demonstrated otherwise. Because New York assault in the first degree with the intent to cause serious physical injury to another person is axiomatically a "crime of violence" for purposes of immigration law, *see* 8 U.S.C. § 1101(a)(43)(F), the collateral consequences of Pelaez's conviction -- which is his only conviction, Dkt. 18 at 1 -- apparently include his being rendered permanently inadmissible to the United States. Accordingly, if the conviction is vacated, Pelaez's immigration status may be impacted. The Second Circuit has held that the possibility of removing "[s]uch a barrier to reentry clearly would suffice to prevent [a] habeas petition from being mooted." *Perez*, 296 F.3d at 126.

3

four assert that Pelaez's trial counsel was constitutionally ineffective (grounds 3, 4, 6, 7);

and the others allege that Pelaez's sentence was excessive (ground 2), the trial court did

not have jurisdiction (ground 8), and his appeal waiver was invalid (ground 10).[2]

Because Pelaez's claims are all moot, unexhausted, procedurally defaulted, or without

merit, the Petition is DENIED.

## I.    *Federal Review of State Convictions*

As a threshold matter, 28 U.S.C. § 2254 provides that federal courts may

review state-court convictions "only on the ground that [the petitioner] is in custody in

violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

§ 2254(a).  The Supreme Court has "stated many times that 'federal habeas corpus relief

does not lie for errors of state law.'"  *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (citing

*Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

A federal court may not grant a habeas petition where the petitioner is in

custody pursuant to a judgment of a state court unless the petitioner "has exhausted the

remedies available in the courts of the State" or such process is unavailable or

ineffective.  28 U.S.C. § 2254(b)(1)(A); *see id.* § 2254(b)(1)(B); *Jackson v. Conway*, 763.F.3d

---

[2]      These and subsequent numbers refer to the grounds for relief that Pelaez enumerated in
the Petition.  Dkt. 1 at 5-7.  Several grounds contain sub-claims, to which I refer as needed.
Further, I assume the parties' familiarity with the underlying facts, the procedural history of the
case, and the issues Pelaez raises, to which I refer only as necessary.

115, 133 (2d Cir. 2014) ("[A] state prisoner is required to exhaust all of his available state remedies before a federal court can consider his habeas application").

Moreover, a federal court may not grant a habeas petition with regard to a claim that was adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Harrington v. Richter*, 562 U.S. 86, 97-98 (2011); *Waiters v. Lee*, 857 F.3d 466, 477 (2d Cir. 2017).  Hence, when a claim is adjudicated on the merits, the state court must be accorded "substantial deference."  *Fischer v. Smith*, 780 F.3d 556, 560 (2d Cir. 2015).  "A federal court may reverse a state court ruling only where it was 'so lacking in justification that there was . . . [no] possibility for fairminded disagreement.'" *Vega v. Walsh*, 669 F.3d 123, 126 (2d Cir. 2012) (per curiam) (quoting *Harrington*, 562 U.S. at 103); *see also Wetzel v. Lambert*, 565 U.S. 520, 524 (2012) (per curiam).

Finally, "federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment."  *Cone v. Bell*, 556 U.S. 449, 465 (2009) (citation omitted).  That is, federal courts may not review a state court ruling that "fairly appear[s] to rest primarily on state procedural law," so long as the procedural bar is "adequate to support the judgment."  *Murden v. Artuz*, 497

F.3d 178, 191-92 (2d Cir. 2007) (citations omitted).  Federal courts in this Circuit have repeatedly held that the gatekeeping provisions of New York laws governing the effect of a petitioner's failure to raise a claim on direct appeal "represent[] the application of a 'firmly established and regularly followed' New York rule." *Williams v. Goord*, 277 F. Supp. 2d 309, 318-19 (S.D.N.Y. 2003) (citations omitted).  The Second Circuit has likewise held that New York's "contemporaneous objection rule" -- barring arguments made for the first time on appeal pursuant to N.Y. Crim. Proc. Law § 470.05(2) -- "is a firmly established and regularly followed New York procedural rule." *Downs v. Lape* 657 F.3d 97, 104 (2d Cir. 2011); *see also Garcia v. Franchi*, No. 19-CV-5547, 2020 WL 353099, at *2 (E.D.N.Y. Jan. 21, 2020).

II.      *Analysis*

Applying these legal principles, five of Pelaez's claims are unexhausted and procedurally defaulted; one is moot; and the remainder are meritless or became barred when Pelaez pled guilty.  None constitutes a valid basis for habeas relief.

A.       *Pelaez's Unexhausted and Procedurally Defaulted Claims*

Five of Pelaez's claims must be dismissed because he did not exhaust his remedies in state court.  I address first his claims concerning the validity of his guilty plea (grounds 1, 5, and 9) and his claim of ineffective assistance of counsel because his trial counsel failed to advise him of the immigration consequences of a guilty plea (ground 6).  Pelaez raised these claims in his *pro se* supplemental brief on direct appeal.

The Appellate Division found that Pelaez's "assertion that he was rushed into making his decision to enter the plea is unsupported by the record" and denied his "remaining contentions," including his ineffective assistance claim related to the collateral immigration consequences of his conviction. *People v. Pelaez*, 954 N.Y.S.2d 554, 556-57 (2d Dep't 2012). But when Pelaez's counsel sought leave to appeal to the Court of Appeals, she forwarded to that court only Pelaez's counseled brief in the Appellate Division. SR 331-32.[3] She offered to provide the *pro se* brief and the People's response "or have the defendant provide them if he wishes to seek leave on the additional issues he raised," but there is no record that Pelaez sent or the court sought the *pro se* brief. *Id.* at 332. Because Pelaez's claims about the validity of his guilty plea were "not raised in his application for leave to appeal to the Court of Appeals," he "fail[ed] to present these claims to the highest state court," and they are "now procedurally barred from federal habeas review." *Vineski v. Scully*, No. 90-CV-2570, 1993 WL 22159, at *8 (S.D.N.Y. Jan. 28, 1993).

In a different way, Pelaez failed to exhaust his claim about his allegedly excessive sentence (ground 2). His counseled brief on direct appeal asked only that his sentence be reduced "in the interest of justice," not because it rested on a violation of his federal constitutional rights. SR 190. The Second Circuit has repeatedly held that "[n]o

---

[3]     Citations to "SR" denote the State Court Record, Dkt. 11-3. The citations are to the consecutive pagination appearing at the top of each page.

federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (per curiam). Moreover, the Supreme Court has confirmed that sentencing ranges, unless constitutionally disproportionate, are "generally a policy choice to be made by state legislatures, not federal courts." *Ewing v. California*, 538 U.S. 11, 25 (2003).

Moreover, Pelaez's claims about his guilty plea and sentence are procedurally defaulted.  The Appellate Division reached and rejected the merits of his claims about his guilty plea on his direct appeal, *Pelaez*, 954 N.Y.S.2d at 555-57, and under New York law courts "must deny a motion to vacate a judgment when [t]he ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment," N.Y. Crim Proc. Law § 440.10(2)(a).  Pelaez failed to raise on appeal his claim about his allegedly excessive sentence, and in New York courts must also deny a motion to vacate a judgment where "no . . . appellate review or determination occurred owing to the defendant's unjustifiable failure . . . to raise such ground or issue upon an appeal actually perfected by him." *Id.* § 440.10(2)(c).

B.    *Pelaez's Moot Claim concerning His Appeal Waiver*

Next, Pelaez's claim that his appeal waiver was invalid (ground 10) is moot.  *See* Dkt. 1 at 7.  The Appellate Division held that the appeal waiver was invalid because it was not translated for Pelaez, who required a Spanish language interpreter, before being given to him to sign.  *Pelaez*, 954 N.Y.S.2d at 556.  Accordingly, the

Appellate Division considered the claim on the merits, holding that the trial court's "explanation of the waiver of the defendant's right to appeal misstated the law." *Id.*

Because the Appellate Division heard Pelaez's appeal, there is no further relief this Court can offer with respect to this claim. "[I]f an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, [the court] . . . must dismiss the case" as moot. *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006) (internal quotations and citation omitted).

### C.   *Pelaez's Claim concerning the Trial Court's Jurisdiction*

Pelaez further argues that the Supreme Court, Queens County, had no jurisdiction over his case because the victims were members of his immediate family and the case "should have thus been transferred [to the Family Court] by virtue of the exclusive original jurisdiction of the Family Court Act." Dkt. 1 at 6 (citation omitted); *see also* SR at 63-65. Pelaez exhausted this claim, *see* Dkt. 11-1 at 20, but it fails for two independent reasons. First, whether the trial court had jurisdiction over Pelaez's case is a question of state law, not cognizable by a federal court on a petition under 28 U.S.C. § 2254. *See Swarthout*, 562 U.S. at 219. Second, while New York concurrently vests jurisdiction over some crimes involving members of the same immediate family in the Family Court and the Supreme Court, the offenses on which Pelaez was indicted and to

which he pled guilty are not among those crimes.  *See* N.Y. Crim. Proc. Law § 530.11(1);

*see also* SR 143.  This claim therefore is without merit.

### D.    *Pelaez's Remaining Ineffective Assistance Claims*

The other claims in the Petition allege that Pelaez's counsel was

constitutionally ineffective because counsel:  (1) "coerced" Pelaez to plead guilty

(ground 3(a)), (2) should have moved to suppress Pelaez's statements (ground 3(c)), (3)

failed to request that Pelaez be examined for mental fitness, pursuant to N.Y. Crim.

Proc. Law § 730 (ground 4(a)); (4) did not pursue an extreme emotional disturbance

defense (ground 4(b)); and (5) did not move to reduce the charge of first-degree assault

to second-degree assault (ground 7).[4]

The Appellate Division rejected Pelaez's claim that his attorney coerced

him to plead guilty for two reasons.  First, the Appellate Division found that this

argument was "unpreserved for appellate review because [Pelaez] did not move to

withdraw his plea on those grounds."  *Pelaez*, 954 N.Y.S.2d at 557.  Second, the

Appellate Division found that Pelaez's claim was unsupported by the record.  *Id.*

Pelaez's failure to preserve this argument by moving to withdraw his plea is fatal to his

claim because N.Y. Crim. Proc. Law § 470.05(2) requires that a question of law is

---

[4]     Ground 3(b) of the Petition charges that counsel permitted Pelaez to enter a guilty plea
that was not knowing, intelligent, and voluntary.  Dkt. 1 at 5.  As I have described above, the
Appellate Division rejected the claim that Pelaez's plea was not knowing, intelligent, and
voluntary because it was unsupported by the record.  Moreover, for the reasons also given
above, Pelaez is procedurally barred from obtaining federal review of that decision.

presented for appellate review only when a party registers disagreement with a lower court's ruling at the time "or at any subsequent time when the court had an opportunity of effectively changing the same."  This procedural bar is "adequate to support the judgment" because it represents a "firmly established and regularly followed" New York rule.  *Murden*, 497 F.3d at 191; *Downs*, 657 F.3d at 104.  Even were it not, Pelaez has presented no basis to undermine the deference due the Appellate Division's factual finding that his claim was unsupported by the record.  *See* 28 U.S.C. § 2254(d)(2).

Pelaez's remaining ineffective assistance claims fail for a different reason: They all concern alleged defects in counsel's performance prior to the entry of Pelaez's guilty plea.  But the Supreme Court has held that

> when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  A defendant may, of course, attempt to show that his plea was based on counsel's constitutionally ineffective advice about whether to enter such a plea.  *Id.*  But that is not what Pelaez alleges in his remaining claims.  Instead, he contends that his counsel failed in other ways -- by failing to make evidentiary motions, raise defenses, or attempt to have the charge against him reduced.  Because he pled guilty, Pelaez is barred from arguing that these elements of his counsel's pre-plea conduct were constitutionally deficient.

*CONCLUSION*

Pelaez has failed to show any basis for relief under 28 U.S.C. § 2254.

Accordingly, the Petition is denied.  Additionally, I decline to issue a certificate of

appealability because Pelaez has not made a substantial showing of the denial of a

constitutional right.  *See* 28 U.S.C. § 2253.  Pursuant to 28 U.S.C. § 1915(a)(3), I certify

that any appeal taken from this decision and order would not be taken in good faith.

The Clerk of the Court shall enter judgment accordingly and close this case.

The Clerk of Court is respectfully directed to mail a copy of this

memorandum decision and the judgment to Pelaez at his last address of record.  If

Respondent is aware of any other address at which Pelaez may be reached, then

Respondent shall mail a copy of this decision and the judgment to Pelaez at that address

and to file proof of such mailing on the docket.

SO ORDERED.

Dated:      New York, New York
            February 8, 2023

_____
DENNY CHIN
United States Circuit Judge
Sitting by Designation

12